IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>L.B. NELSON, III,<br><br>Defendant. | Civil No. 09-mj-5528-KMW |

## MEMORANDUM OPINION

Before this Court is the motion of Defendant seeking release from custody. For the reasons expressed below, the Court will grant the Defendant's motion.

### BACKGROUND

The Defendant in this case is charged in a criminal complaint filed on September 3, 2009 with conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§846 and 841. According to the Government, if convicted of all the potential charges that could be brought against the Defendant, he faces life imprisonment.

On September 3, 2009, during the Defendant's initial appearance, the Government moved for detention and the Defendant consented to detention without prejudice to his right to apply for bail at a later date. On October 15, 2009, the Defendant, through his attorney Gerald A. Stein, filed a Motion for Release from Custody with supporting Memorandum. The Court pursuant to 18 U.S.C. § 3142(f) held a detention hearing on November 12, 2009. The Court continued the hearing to November 19, 2009.

### DISCUSSION

The Court issues its rulings and findings in accordance with 18 U.S.C. §3142(h)(I). Having carefully considered and weighed the evidence presented by the parties, the Court concludes that Defendant's pretrial release is warranted, subject to the conditions of release set forth in the Order of Release [Doc. No. 15].

The Government has moved for Defendant's pretrial detention based upon risk of flight and danger to the community pursuant to 18 U.S.C. § 3142(e), which gives rise to the rebuttable presumption

or the safety of any other person and the community. Generally speaking, "[l]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." See U.S. v. Salerno, 481 U.S. 739, 755 (1987). However, Congress has identified certain crimes in which pretrial detention is presumed unless the person can rebut the presumption of detention. U.S. v. Lopez, 827 F. Supp. 1107, 1108 (D.N.J. 1993).

In this case, the parties concede that this case involves the rebuttable presumption. Therefore, it is presumed that the Defendant should be detained because he is a flight risk and/or presents a danger to the community. A defendant can rebut this presumption "by presenting some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community" while on release in the community and awaiting trial. Lopez, 827 F. Supp. at 1108 (citing U.S. v. Carbone, 793 F.2d 559, 560 (3rd Cir. 1986)). If the defendant produces some credible evidence then the government must prove by a preponderance of the evidence that the defendant is a flight risk and/or that the defendant presents a danger by clear and convincing evidence. Lopez, 827 F. Supp. at 1108-1109.

Section 3142(g) sets forth the following factors to be considered by the Court in determining whether to release or detain a defendant:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including -
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger posed to any person or the community by the defendant's release.

18 U.S.C. § 3142(g). The Government argues that detention is required in this case because Defendant has not produced information that establishes any ties to the community and is engaged in ongoing criminal activity. The Government's evidence that Defendant poses a flight risk can be summarized as follows:

- The "heavy penalties" the Defendant faces. According to the Government's assessment of the sentencing guidelines if the Defendant is convicted as charged he faces 18-22 years of imprisonment.

- The Defendant's failure to establish ties to the community. In this regard, the Government argues that the individuals that the Defendant has offered to secure bail have not offered any testimony establishing Defendants ties to the community. The

>  Government points out that the strength of relationship between these individuals and the Defendant is questionable and the contacts between these individuals and the Defendant are minimal. In addition, the Government points out that the two individuals produced during the November 12, 2009 detention hearing who testified that they were willing to secure the Defendant's bail have offered to do so by posting properties that are not their primary residences.

- <u>The proffered third party custodian</u> - Giannina Holland, who happens to be the Defendants fiancé and mother of his ten month old son, could not name any of the Defendant's associates and could not provide details about Defendant's out of state travels.

The Government by way of proffer relies on the following evidence to support its burden that the Defendant poses a danger to the community:

- The investigation conducted by the Special Agent has produced evidence based solely on the statements of the co-conspirators that the Defendant has:
    - a "management role" in drug trafficking;
    - directed the transport of 14 kilos of cocaine from Los Angeles to New Jersey; and
    - ties to organized crime.

- The nature and circumstances of the offense charged and the weight of the evidence suggests that the Defendant will engage in ongoing criminal activity if released because:
    - the weapon recovered at the scene of arrest was stolen from a Los Angeles police officer;
    - the amount of cocaine recovered at the scene of arrest - 14 kilos; and
    - the amount of cash recovered at the scene of arrest - $30,000.

The information produced by the Defendant can be summarized as follows:

- The Defendants ties to the community:
    - The Defendant is a United States citizen and life long resident of California. He has been co-habitating with his fiancé and mother of his 10 month old son Gianina Holland for the past year. The Defendant's residential property was lost in foreclosure by short sale in April 2009 and was vacated in September 2009, shortly after Defendant's arrest in this case. The Defendant has provided proof of the foreclosure. As a result of the foreclosure, Ms. Holland has recently moved into an apartment that was apparently secured by her and the Defendant in July 2009. The lease for the apartment runs from July 2009 through July 2010. A copy of the lease has been produced.

    - The Defendant is a self-employed truck driver and has documented the existence of his business.

- The Defendant supports three minor children. In addition to the child with Ms. Holland, Defendant has partial custody of two children from a previous relationship. According to Ms. Holland, these two children, ages eleven and six, live with the Defendant and Ms. Holland 50% of the time.

- Ms. Holland has been dating the Defendant since November 21, 2007 and was living with him before his arrest. Ms. Holland is aware of the Defendant's trucking business - Hungry Boy Trucking-and has seen the trucks used in the business and describes same as "dump trucks". Ms. Holland has met a number of the Defendant's "associates" but cannot identify any of them by name. Ms. Holland is willing to secure the Defendant's release with a residence in Peducah, Kentucky owned by her parents and grandparents. This property has an estimated value of $13,000 with about $5,000 in equity.

- Mr. Mitchell, a friend of the Defendant, has offered his investment property with approximately $120,000 of equity to secure the Defendant's bail. Mr. Mitchell is the sole owner of this property. Mr. Mitchell has known the Defendant a little over ten (10) years and has contact with the Defendant twice a month. Mr. Mitchell is familiar with the Defendant's employment history and was instrumental in getting the Defendant involved in the trucking business. Mr. Mitchell has had continuous contact with the Defendant over the past ten (10) years.

- Mr. Noguera has known the Defendant since the Defendant was 10 years old and is a distant relative of the Defendant. Mr. Noguera lost contact with Defendant for almost 18 years but has reestablished a connection with the Defendant during the past two years. Mr. Noguera describes himself as a Real Estate Investor and during the past two years has been assisting the Defendant with his foreclosure process. Based on his relationship with the Defendant, Mr. Noguera has agreed to assist with the Defendant's bail by offering a property he owns in Tulsa, Oklahoma worth approximately $100,000.

The Defendant produced the following information as evidence that he does not pose a threat to the community:

- The Defendant ***does not*** have an extensive criminal history. To this end, the Defendant has one Municipal Court conviction in January 1998 for which he satisfactorily completed three years of probation. At the time of this conviction, the Defendant was 19 years old. The Defendant also has an outstanding DUI, from July 2009.

- The Defendant has no history of drug or alcohol abuse.

- The Defendant has no history of drug or alcohol abuse.

- The Defendant has no history of any failures to appear.

- The Defendant is not on active probation, parole or other form of supervised release.

- According to Ms. Holland, the Defendant does not have a firearm and there is no information linking a firearm directly to the Defendant.

- The Defendant was arrested without incident. There is no evidence or information independent from the instant arrest to suggest that the Defendant presents a danger.

The Court finds that the Defendant has rebutted the presumption and the Government has failed to meet its burdens with respect to either risk of flight or dangerousness. The Court finds that although the Defendant does not have any ties to the District of New Jersey, the Defendant has established significant ties to the community in which he lives to rebut the presumption that he is a flight risk. In particular, the Defendant is a United States citizen and lifelong resident of California. There is no evidence that the Defendant has ever traveled outside of the United States. Indeed, Ms. Holland testified that the Defendant traveled outside of California for the first time with her to meet her parents in Paducah, Kentucky. Although the Defendant's home has recently been foreclosed on, that home and the new residence appear to be in the same community - as demonstrated by Ms. Holland's ability to maintain her employment from either residence. Further, the Defendant's relationships with Mr. Mitchell, Mr. Noguera and his three children demonstrate a level of familial ties to the community sufficient to rebut the presumption that he will flee to avoid prosecution. On the other hand, the Government's proffer from a co-conspirator that the Defendant has ties across the boarder is conclusory and does not by itself support the circumstances the Government seeks the Court to rely upon.

Similarly, the Court finds that the Government failed to provide clear and convincing evidence that the Defendant presents a danger to the community. To this end, considering the Government's proffer, the Defendant has a very limited criminal history, his arrest in this case occurred without incident, and Ms. Holland testified that the Defendant does not have a firearm. Consequently, the Government's reliance exclusively on the nature and circumstances of the offense charged and the conclusory statements of co-conspirators falls short of clearly convincing the Court that the Defendant's release poses a danger to the community.

## CONCLUSION

For all of the reasons set forth above, the Court finds that in this case there are conditions of release which can reasonably assure the Defendant's appearance. These conditions are set forth in the Order of Release [Doc. No. 15]

KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE